**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE SKINNER, <br><br> Plaintiff, <br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | Case No. **'21CV554 JLS MSB** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ.*** <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES** JERMAINE SKINNER, through undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

### NATURE OF THE ACTION

1. This action arises under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

5. JERMAINE SKINNER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Luisburg, North Carolina.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

8. MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is a corporation organized under the laws of Kansas.

9. MCM has its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

10. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of MCM's business is the collection of debt.

11. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

12. Plaintiff received a Credit Card issued by Synchrony Bank.

13. Over time, $2,829.39 in personal charges were made to Plaintiff's account.

14. Due to unforeseen financial difficulties, Plaintiff defaulted on payments and Plaintiff's unpaid account balance was charged-off and referred for collection.

15. Plaintiff's $2,829.39 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. On November 8, 2019, MCM sent Plaintiff a debt collection letter, enclosed in an envelope with the words "**TIME SENSITIVE DOCUMENTS**" printed on its exterior in bold font.

17. Upon reading "**TIME SENSITIVE DOCUMENTS**," Plaintiff immediately opened the envelope.

18. The letter contained information regarding Plaintiff's $2,289.39 balance that MCM sought to collect from Plaintiff.

19. The letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding Plaintiff's $2,289.39 balance directly to Plaintiff.

20. The envelope's inclusion of the words "**TIME SENSITIVE DOCUMENTS**" on its exterior created a false sense of urgency for Plaintiff who was unable to afford to make a

$2,289.39 payment thus leading to needless emotional distress.

21. As a result, Plaintiff was deprived of his statutory rights guaranteed and required by the FDCPA.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.*)

22. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692f

23. Section 1692f prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f.

24. The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. *Id*.

25. Subpararaph (8) prohibits the following conduct:

> [u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*Id*. § 1692f(8).

26. Section 1692f(8) regulates language "on any envelope." *Id*.

27. The text of § 1692f(8) is unequivocal. "[A]ny language or symbol," except the debt collector's address and, in some cases, business name, may not be included "on any envelope." 15 U.S.C. § 1692f(8).

28. In other words, NO EXCEPTIONS.

29. Accordingly, MCM's inclusion of "**TIME SENSITIVE DOCUMENTS**" on the front of the envelope violates 15 U.S.C. § 1692f(8).

3

30. As alleged, Plaintiff instantly opened MCM's mail because it said "**TIME SENSITIVE DOCUMENTS**."

31. MCM has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENTS**" on envelopes.

32. MCM's practice of including "**TIME SENSITIVE DOCUMENTS**" on envelopes mailed to consumers unfairly puts MCM ahead of other debt collectors.

33. On information and belief, MCM's research demonstrates that the least sophisticated consumer is more likely to open letters sent in envelopes marked "**TIME SENSITIVE DOCUMENTS**" than envelopes that do not contain the words "**TIME SENSITIVE DOCUMENTS**."

34. Plaintiff may enforce the provisions of 15 U.S.C. § 1692f(8) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that MCM violated 15 U.S.C. § 1692f(8);

B. an award of any actual damages sustained by Plaintiff as a result of MCM's violation(s);

4

    C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

    D.    an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

    E.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: March 30, 2021

Respectfully submitted,

**JERMAINE SKINNER**

By: *s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com